IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH JAMES, #1828607, | § | |
| aka James Joseph Vanburan, | § | |
|       Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-1384-B-BK |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
|       Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. The Court granted Petitioner's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, the petition should be dismissed without prejudice for want of jurisdiction.[1]

On May 4, 2015, Petitioner filed this habeas corpus petition challenging his 2011 convictions for burglary of a building and organized criminal activity, for which he was sentenced to two-year and 17-month terms of imprisonment, to be served concurrently. *State v. James*, No. F-44563 (413th Judicial District Court, Johnson County, 2011), *aff'd*, No. 10-11-00391-CR (Tex. App. – Waco, 2013; Doc. 3 at 2-3; Doc. 10 at 2-3. However, in response to the Court's questionnaire, Petitioner concedes that he is no longer in custody on either of those

---

[1] Although Petitioner signed his federal petition using the name James Joseph Vanburan, he concedes in answer to the Court's questionnaire that his full name is Joseph Van Buran James, which coincides with the name on his state court convictions. *See* Doc. 10 at 1; *Ex parte James*, No. 82,776-01, *Order Dismissing Application* (Tex. Crim. App. Feb. 11, 2015), *available at* http://www.search.txcourts.gov/Case.aspx?cn=WR-82,776-01&coa=coscca.

convictions, having discharged the 17-month sentence for organized criminal activity by September 2011, and the two-year sentence for burglary of a building by April 2012. Doc. 10 at 2-3. He is presently incarcerated on a charge unrelated to those he challenges here. Doc. 10 at 2.

Because Petitioner is not currently in custody pursuant to a judgment of a state court with respect to his convictions in Cause No. F-44563, the Court lacks jurisdiction to consider his habeas petition. *See* 28 U.S.C. § 2254(a) (a federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added); *see also Maleng v. Cook,* 490 U.S. 488, 490 (1989).

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for want of jurisdiction.

SIGNED July 23, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE